UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-22513-CV-WILLIAMS

NICOLE BETANCUR-GONZALEZ,

      Petitioner,

v.

GARRETT RIPA, *et al.*,

      Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Nicole Betancur-Gonzalez[1] ("***Petitioner***") (DE 1). For the reasons set forth below, the Petition (DE 1) is **GRANTED IN PART**.

### I.    FACTUAL BACKGROUND

Petitioner Nicole Betancur-Gonzalez is a citizen of Venezuela who entered the United States in July 2021. (DE 1 ¶¶ 14, 24). Upon entry, she was apprehended by immigration agents who ultimately released her on her own recognizance. (*Id.* ¶ 24). At that time, the Department of Homeland Security ("***DHS***") chose not to pursue removal proceedings against Petitioner. (*Id.*)

---

[1] Petitioner is a transgender woman; she was assigned the male gender at birth but identifies as female. (DE 1 ¶ 35). Since her detention at Krome, Petitioner contends that she has suffered physical and sexual abuse and has spent more than three months in solitary confinement. (*Id.*) Petitioner further asserts that Krome officials warned her that filing complaints about the conditions of her confinement would delay her immigration proceedings. (*Id.*) The Court finds these allegations both serious and deeply concerning.

In January 2022, Petitioner applied for asylum with United States Citizenship and Immigration Services based on persecution she suffered in Venezuela. (*Id.* ¶ 25). She received work authorization and a social security card while awaiting her asylum decision. (*Id.* ¶ 26). In December 2023, Petitioner applied for and was granted Temporary Protected Status ("***TPS***") through April 2025. (*Id.* ¶ 27); (DE 1–10). In January 2025, Petitioner attempted to re-register for TPS. (DE 1 ¶ 29). Currently, the status of that re-registration remains unclear. (*Id.*)[2]

---

[2] The Court provides a brief procedural history of the pending TPS litigation. On January 17, 2025, Secretary Alejandro Mayorkas (part of the Biden administration) extended the designation of TPS through October 2, 2026. *See* 90 Fed. Reg. 5961 (Jan. 17, 2025). On February 3, 2025, then-DHS Secretary Kristi Noem vacated former Secretary Mayorkas' extension. *See* 90 Fed. Reg. 8805 (Feb. 3, 2025). On February 19, 2025, a lawsuit was filed in the Northern District of California challenging that vacatur. In September 2025, the district court concluded that Secretary Noem lacked authority to rescind the extension. *See Nat'l TPS All. v. Noem*, 798 F. Supp. 3d 1108, 1145 (N.D. Cal. Sept. 5, 2025). Both the district court and the appellate court denied the Government's motions to stay that decision pending appeal. *See Nat'l TPS All. v. Noem*, No. 25-cv-01766, 2025 WL 2617231 (N.D. Cal. Sept. 10, 2025); *Nat'l TPS All. v. Noem*, 163 F.4th 1152 (9th Cir. Sept. 17, 2025).

On October 3, 2025, the Supreme Court stayed the district court's order "pending the disposition of the Government's appeal in the United States Court of Appeals for the Ninth Circuit and disposition of a petition for writ of certiorari, if such writ is timely sought." *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025). On January 28, 2026, the Ninth Circuit affirmed the district court's decision, concluding that Secretary Noem exceeded her statutory authority in revoking TPS protections for both Venezuelans and Haitians. *See Nat'l TPS All. v. Noem*, 166 F.4th 739, 749 (9th Cir. 2026) ("The Secretary's actions fundamentally contradict Congress's statutory design, and her assertion of a raw, unchecked power to vacate a country's TPS is irreconcilable with the plain language of the statute."). The court later denied rehearing en banc on March 11, 2026. *Nat'l TPS All. v. Noem*, 169 F.4th 796 (9th Cir. 2026). To date, the Government's time to petition for a writ of certiorari has not lapsed. *See* U.S. Sup. Ct. R. 13(1) ("[A] petition for a writ of certiorari to review a judgment in any case . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").

In November 2025, Petitioner was arrested in Orange County, Florida for a domestic violence offense[3] and transferred into Immigration and Customs Enforcement ("*ICE*") custody. (DE 1 ¶ 32). Petitioner presently remains detained at the Krome North Service Processing Center in Miami, Florida without receiving a bond hearing. (DE 1 ¶¶ 1, 14).[4] She now seeks habeas relief, challenging the lawfulness of her current detention as a TPS recipient and arguing that her continued detention without a bond hearing is unlawful. (*Id.*)

## II.   LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   DISCUSSION

Respondents challenge this Court's jurisdiction under both 8 U.S.C. § 1252(g) and § 1252(b)(9). The Court addresses these jurisdictional arguments before proceeding to the merits.

### i.   8 U.S.C. § 1252(g)

---

[3] Prosecutors declined to pursue charges due to insufficient evidence. (DE 1-17).

[4] Petitioner has twice been denied a bond hearing. The first time, the immigration court concluded that it lacked jurisdiction to grant Petitioner a bond. (DE 1–18). The second bond hearing was "no action[ed]." (DE 1–18). The Court is unclear as to the meaning of "no action," however, the record reflects that Petitioner has not received a bond hearing.

Section 1252 is "Congress's comprehensive scheme for judicial review of removal orders." *Canal A Media Holding, LLC v. United States Citizenship and Immigr. Servs.*, 964 F.3d 1250, 1256–57 (11th Cir. 2020). It bars judicial review over "any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien[.]" 8 U.S.C. § 1252(g). It "is specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999). "1252(g) is not to be construed broadly as a 'zipper' clause applying to the full universe of deportation-related claims, but instead as applying narrowly to only the three 'discrete' governmental actions enumerated in that subsection." *Wallace v. Sec'y, United States Dep't of Homeland Sec.*, 616 F. App'x 958, 960 (11th Cir. 2015) (citing *A.A.D.C.*, 525 U.S. at 472–73). "And although many other decisions or actions may be part of the deportation process, only claims that arise from one of the covered actions are excluded from [a court's] review. . . ." *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (internal citations and quotations omitted).

Here, the Government's § 1252(g) argument is unpersuasive. Petitioner's claim does not implicate the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders. Rather, Petitioner challenges the legality of her detention. That claim is reviewable. *See Canal A Media Holding, LLC*, 946 F.3d at 1257–58 (claim was not barred by § 1252(g) where action did not fall into one of three categories as "[w]hen asking if a claim is barred by § 1252(g), courts must focus on the action being challenged."); *Maldonado*, 2025 WL 2374411, at *6 (petitioner's due process challenge

was not barred by § 1252(g) as it did not "challenge the actions of Respondents in commencing proceedings, adjudicating cases, or executing removal orders."); *Vazquez*, 2025 WL 2676082, at *8 ("[B]ecause Petitioner challenges the lawfulness of his detention during the pendency of his removal proceedings, it is not a challenge to one of the 'three discrete events along the road to deportation' that § 1252(g) applies to."); *Leal-Hernandez*, 2025 WL 2430025, at *5 ("Petition[er] mounts a challenge solely to his continued custody. None of the cases the Government relies on pertain to cases in which a petitioner . . . pursued judicial review of his allegedly unconstitutional custody. In accordance with Supreme Court precedent and the plain language of the text, § 1252(g) does not bar [jurisdiction]."); *Sanchez v. LaRose*, No. 25-cv-2396, 2025 WL 2770629, at *2 (S.D. Cal. Sept. 26, 2025) ("Petitioner seeks only review of the legality of her detention, which does not require judicial intervention into the Attorney General's decisions to commence proceedings, adjudicate cases, and execute removal orders. . . . Adopting [the government's] interpretation of 8 U.S.C. § 1252(g) . . . would eliminate judicial review of immigration detainee's claims of unlawful detention[.]").

Thus, because Petitioner's claim does not arise from one of the three actions enumerated in § 1226, § 1252(g) does not strip this Court of jurisdiction. Courts within this District have concurred. *See e.g., Acosta v. Field Off. Dir.*, No. 26-cv-60687-BLOOM, 2026 WL 972366, at *1 (S.D. Fla. Apr. 10, 2026) (concluding that § 1252(g) did not strip court of jurisdiction to review habeas petition); *Montero v. Warden of the Mia. Fed. Det. Ctr.*, No. 25-cv-25650-HUCK, 2026 U.S. Dist. LEXIS 32876, at *5–8 (S.D. Fla. Feb. 18, 2026) (same); *Fernandez v. Ripa*, No. 25-cv-24981-LEIBOWITZ, 2025 U.S. Dist. LEXIS 277103, at *11–13 (S.D. Fla. Nov. 25, 2025); *Boffill v. Field Off. Dir.*, No. 25-cv-25179-

BECERRA, 2025 WL 3246868, at *3 (S.D. Fla. Nov. 20, 2025); *Merino v. Ripa*, No. 25-23845-CIV-MARTINEZ, 2025 WL 2941609, at *2–3 (S.D. Fla. Oct. 15, 2025).

### ii.      8 U.S.C. § 1252(b)(9)

Similarly, § 1252(b)(9) limits "[j]udicial review of all questions . . ., including interpretation and application of constitutional and statutory provisions, arising from any action take or proceeding brought to remove a [non-citizen] from the United States under th[at] subchapter." Like its "neighboring provision," § 1252(g), this language must be construed narrowly, not to "sweep in any claim that can technically be said to 'arise from'" a removal proceeding. *Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018). The Court likewise concludes that § 1252(b)(9) does not bar jurisdiction. *See, e.g., Gonzalez v. Noem*, No. 26-60781-CIV-SINGHAL, 2026 WL 1077836, at *2 (S.D. Fla. Apr. 20, 2026) (rejecting government's § 1252(b)(9) argument); *Gonzalez v. Noem*, No. 25-CV-62261-MIDDLEBROOKS/AUGUSTIN-BIRCH, 2025 WL 4053421, at *3 (S.D. Fla. Dec. 23, 2025), *report and recommendation adopted by*, 2026 WL 115211 (S.D. Fla. Jan. 15, 2026); *Ardon-Quiroz v. Ass't Field Dir.*, No. 25-cv-25290-BECERRA, 2025 WL 3451645, at *4 (S.D. Fla. Dec. 1, 2025).

Thus, neither 8 U.S.C. § 1252(g) nor § 1252(b)(9) affect this Court's jurisdiction to review the Petition. Having established jurisdiction, the Court now turns to the relevant immigration statutes at issue here.

### A. *Relevant Immigration Statutes*

Two statutes govern the detention of noncitizens: 8 U.S.C. §§ 1225 and 1226. The Court begins by addressing these.

### i.      8 U.S.C. § 1225

Section 1225 governs the inspection, detention, and removal of applicants for admission. *See* 8 U.S.C. § 1225 *et seq.* Applicants for admission are defined as noncitizens "present in the United States who ha[ve] not been admitted" or those "arriv[ing] in the United States." *Id.* All applicants for admission "must be inspected by immigration officers to ensure that they may be admitted into the country consistent with U.S. immigration law." *Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018).[5] To that end, "U.S. immigration law authorizes the Government to detain certain aliens *seeking admission* into the country under §§ 1225(b)(1) and (b)(2)." *Id.* at 289 (emphasis added).

Moreover, "Section 1225(b)(1) applies to all aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation." *Id.* Such non-citizens are generally subject to expedited removal "without further hearing or review." 8 U.S.C. § 1225(b)(1). However, if a non-citizen in this category expresses "an intention to apply for asylum" or a fear of persecution," the statute requires referral to an interview with an immigration officer. *Id.* § 1225(b)(1)(A)(ii). If the immigration officer finds a "credible fear," the non-citizen "shall be detained for further consideration of the application for asylum." *Id.*

On the other hand, "Section 1225(b)(2) is broader" and "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)." *Jennings*, 583 U.S. at 287. Non-citizens covered under § 1225(b)(2) are detained for removal proceedings "if the examining immigration officer determines that an alien

---

[5] Indeed, *Jennings* began its analysis by emphasizing the temporal and categorical distinction between the detention statutes. Section 1225 applies to noncitizens who are "seeking admission into the country" at the border or a port of entry, whereas § 1226 governs those "already in the country pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 285–89.

seeking admission is not clearly and beyond a doubt entitled to be admitted" into the country. 8 U.S.C. § 1225(b)(2)(A). Importantly, detention under § 1225(b)(2) is mandatory. *See Gomes v. Hyde*, No. 25-cv-11571, 2025 WL 1869299, at *8 (D. Mass. July 7, 2025).

### ii.    8 U.S.C. § 1226

Federal immigration law "also authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Jennings*, 583 U.S. at 289 (emphasis added). Section 1226(a) provides that when a noncitizen has been "arrested and detained pending a decision on whether the alien is to be removed from the United States," the Attorney General may either continue to detain the individual or release them on bond or conditional release. *See* 8 U.S.C. § 1226(a). The statute thus "establishes a discretionary detention framework." *Gomes*, 2025 WL 1869299, at *2. With this background in mind, the Court now analyzes which statute applies to Petitioner.

### B.  *Whether § 1225 or § 1226 Applies*

The primary issue is whether § 1225 or § 1226 governs Petitioner's detention. Respondents argue that Petitioner is mandatorily detained under § 1225. The Court disagrees.

As a threshold matter, this is a question of statutory interpretation squarely within the Court's jurisdiction. *Pizarro Reyes v. Raycraft*, No. 25-cv-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sep. 9, 2025) ("[This case] requires the Court to decide whether § 1226(a) or § 1225(b)(2)(A) applies to [Petitioner]. To answer the question, the Court must determine how the two sections interplay with one another. . . . Ultimately, the issue boils down to a matter of statutory interpretation. And matters of statutory interpretation belong historically within the province of the courts.") (citing *Loper Bright Enter. v. Raimondo*, 603

U.S. 369, 386 (2024)); *Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *5 (D. Me. Sep. 25, 2025) (district court had jurisdiction to review petitioner's challenge to the "statutory framework" regarding his detention); *Gomes,* 2025 WL 1869299, at *8 n.9 ("[T]o the extent . . . the BIA would conclude that Gomes is subject to mandatory detention under Section 1225(b)(2), this Court respectfully disagrees with that conclusion. Courts must exercise independent judgment in determining the meaning of statutory provisions"); *Mosqueda*, 2025 WL 2591530, at *7 (district court had jurisdiction to decide whether § 1225 or § 1226 applied as "[t]hese are purely legal questions of statutory interpretation.").

From the outset, DHS itself proceeded under § 1226. Indeed, the NTA issued charged her as "an alien present in the United States who has not been admitted or paroled" and not as an "arriving alien." (DE 1-7). Thus, DHS' own classification places her squarely within § 1226. *See e.g., Pizarro Reyes*, 2025 WL 2609425, at *8 (emphasizing ICE's selection of "present" rather than "arriving" on the notice to appear as evidence that § 1226 applied); *see also Hyppolite v. Noem*, No. 25-4304, 2025 WL 2829511, *8 (E.D.N.Y. Oct. 6, 2025) (respondent's initial classification of petitioner "certainly is relevant to the Court's assessment of the credibility and good faith of 'Respondents' new position as to the basis for [Hyppolite's] detention, which was adopted post hoc and raised for the first time in this litigation.'") (citation omitted); *Perez v. Berg*, No. 25-cv-494, 2025 WL 2531566, at *2 (D. Neb. July 24, 2025) ("The Court notes that the government itself charged Petitioner as an alien present in the United States who has not been admitted or paroled rather than an arriving alien.") (quotations omitted).

Countless district courts across the country have uniformly rejected the Government's expansive interpretation of § 1225.[6] *See e.g., Gil-Paulino v. Sec'y of the U.S. Dep't of Homeland Sec.*, 25-cv-24292, DE 41, (S.D. Fla. Oct. 10, 2025) (respondent's interpretation of the INA "directly contravenes the statute" and "disregards decades of settled precedent"); *see also Pizarro Reyes*, 2025 WL 2609425, at *7 ("Finally, the BIA's decision to pivot from three decades of consistent statutory interpretation and call for Pizarro Reyes' detention under § 1225(b)(2)(A) is at odds with every District Court that has been confronted with the same question of statutory interpretation."); *Puga*, No. 25-24535, 2025 WL 2938369, at *3–6; *Merino v. Ripa*, No. 25-23845, 2025 WL 2941609, at *3 (S.D. Fla. Oct. 15, 2025); *Lopez v. Hardin*, No. 25-cv-830, 2025 WL 2732717, at *2 (M.D. Fla. Sep. 25, 2025); *Harsh Patel v. Crowley*, No. 25-11180, 2025 U.S. Dist. LEXIS 209958, at *9–12 (N.D. Ill. Oct. 24, 2024); *Esquivel-Ipina v. Larose*, No. 25-cv-2672, 2025 U.S. Dist. LEXIS 210275, at *9–12 (C.D. Cal. Oct. 24, 2025); *Carmona v. Noem*, No. 25-cv-1131, 2025 U.S. Dist. LEXIS 209629, at *14–17 (W.D. Mich. Oct. 24, 2025); *Lopez v. Hyde*, 25-12680, 2025 U.S. Dist. LEXIS 209916, at *4–5 (D. Mass. Oct. 24, 2025); *Guerra v. Joyce*, No. 25-cv-00534, 2025 WL 2986316, at *3 (D. Me. Oct. 23, 2025); *Lomeu v. Soto*, 25-cv-16589, 2025 WL 2981296, at *7–8 (D.N.J. Oct. 23, 2025); *Maldonado v. Cabezas*, No. 25-13004, 2025 WL 2985256, at *4 (D.N.J. Oct. 23, 2025); *Aparicio v. Noem*, 2025 U.S. Dist. LEXIS 208898, at *12–13 (D. Nev. Oct. 23, 2025); *Loa Caballero v. Baltazar,* No. 25-cv-03120, 2025 WL 2977650, at *5–6 (D. Colo. Oct. 22, 2025); *Soto v. Soto,* No. 25-cv-16200, 2025 U.S. Dist. LEXIS 207818, at *16–19 (D.N.J. Oct. 22,

---

[6] This string citation is non-exhaustive. The Court has ceased attempting to catalog every district court decision addressing this issue but is aware of approximately 3,500 decisions nationwide reaching the same conclusion.

2025); *Garcia v. Noem*, 25-cv-02771, 2025 U.S. Dist. LEXIS 209286, at *10–15 (C.D. Cal. Oct. 22, 2025); *Aguiar v. Moniz*, No. 25-cv-12706, 2025 WL 2987656, at *3 (D. Mass. Oct. 22, 2025); *Rivera v. Moniz*, 25-cv-12833, 2025 WL 2977900, at *1–2 (D. Mass. Oct. 22, 2025); *Avila v. Bondi*, No. 25-3741, 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025); *Contreras-Lomeli v. Raycraft*, No. 25-cv-12826, 2025 U.S. Dist. LEXIS 207162, at *22 (E.D. Mich. Oct. 21, 2025); *Maldonado de Leon v. Baker*, No. 25-3084, 2025 WL 2968042, at *7 (D. Md. Oct. 21, 2025); *Casio-Mejia v. Raycraft*, No. 25-cv-13032, 2025 U.S. Dist. LEXIS 207165, at *12, 16–17 (E.D. Mich. Oct. 21, 2025); *Miguel v. Noem*, 25-11137, 2025 WL 2976480, at *6 (N.D. Ill. Oct. 21, 2025); *Pineda v. Simon*, No. 25-cv-01616, 2025 WL 2980729, at *2 (E.D. Va. Oct. 21, 2025); *Matheus Araujo DA Silva v. Bondi*, No. 25-cv-12672, 2025 WL 2969163, at *2 (D. Mass. Oct. 21, 2025); *Barahona v. Hyde*, No. 25-cv-12551, 2025 U.S. Dist. LEXIS 205964, at *4–5 (D. Mass. Oct. 20, 2025); *H.G.V.U. v. Smith,* No. 25-cv-10931, 2025 WL 2962610, at *4–6 (N.D. Ill. Oct. 20, 2025); *Gonzalez v. Hyde*, No. 25-8250, 2025 U.S. Dist. LEXIS 208578, at *10–11 (S.D.N.Y. Oct. 19, 2025); *Polo v. Chestnut*, No. 25-cv-01342, 2025 WL 2959346, at *11 (E.D. Cal. Oct. 17, 2025); *Sanchez v. Minga Wofford, Warden, Mesa Verde Immigr. Processing Ctr.*, No. 25-cv-01187, 2025 WL 2959274, at *3 (E.D. Cal. Oct. 17, 2025); *Gutierrez v. Juan Baltasar, Warden, Denver Cont. Det. Facility*, No. 25-cv-2720, 2025 U.S. Dist. LEXIS 208448, at *12–27 (D. Colo. Oct. 17, 2025); *Alvarez v. Noem*, No. 25-cv-1090, 2025 WL 2942648, at *4–6 (W.D. Mich. Oct. 17, 2025); *Zamora v. Noem*, No. 25-12750, 2025 WL 2958879, at *1 (D. Mass. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, 25-cv-13056, 2025 WL 2978529, at *6–9 (E.D. Mich. Oct. 17, 2025); *Diaz Sandoval v. Raycraft*, No. 25-cv-12987, 2025 WL 2977517, at *6–9 (E.D. Mich. Oct. 17, 2025); *Contreras-Cervantes v. Raycraft*,

No. 25-cv-13073, 2025 WL 2952796, at *6–8 (E.D. Mich. Oct. 17, 2025); *Ochoa v. Noem*, No. 25-10865, 2025 WL 2938779, at *4–6 (N.D. Ill. Oct. 16, 2025); *Hernandez v. Crawford*, No. 25-cv-01565, 2025 WL 2940702, at *2 (E.D. Va. Oct. 16, 2025); *Piña v. Stamper*, No. 25-cv-00509, 2025 WL 2939298, at *3 (D. Me. Oct. 16, 2025); *Tut v. Noem*, No. 25-cv-02701, 2025 U.S. Dist. LEXIS 204616, at *9 (C.D. Cal. Oct. 16, 2025); *Sequen v. Albarran*, No. 25-cv-06487, 2025 WL 2935630, at *8 (N.D. Cal. Oct. 15, 2025); *Teyim v. Perry*, No. 25-cv-01615, 2025 WL 2950184, at *2–3 (E.D. Va. Oct. 15, 2025); *Singh v. Lyons*, 25-cv-01606, 2025 WL 2932635, at *2–3 (E.D. Va. Oct. 14, 2025); *Alejandro v. Olson*, 25-cv-02027, 2025 WL 2896348, at *7–9 (S.D. Ind. Oct. 11, 2025); *Rico-Tapia v. Smith*, No. 25-00379, 2025 U.S. Dist. LEXIS 206547, at *21 (D. Haw. Oct. 10, 2025); *Chavez v. Kaiser*, No. 25-cv-06984, 2025 WL 2909526, at *5 (N.D. Cal. Oct. 9, 2025); *Donis v. Chestnut*, No. 25-01228, 2025 WL 287514, at *11 (E.D. Cal. Oct. 9, 2025); *Eliseo A.A. v. Olson*, No. 25-3381, 2025 WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Covarrubias v. Vergara*, No. 25-cv-112, 2025 WL 2950097, at *3 (S.D. Tex. Oct. 8, 2025); *Buenrostro-Mendez v. Bondi*, No. 25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025); *S.D.B.B. v. Johnson*, No. 25-cv-882, 2025 WL 2845170, at *5 (M.D.N.C. Oct. 7, 2025); *Gonzalez v. Bostock*, 25-cv-01404, 2025 WL 2841574, at *3–4 (W.D. Wash. Oct. 7, 2025); *Hyppolite*, 2025 WL 2829511, at *12; *Artiga v. Genalo*, No. 25-5208, 2025 WL 2829434, at *7 (E.D.N.Y. Oct. 5, 2025); *Cordero Pelico v. Kaiser*, No. 25-cv-07826, 2025 WL 2822876, at *15 (N.D. Cal. Oct. 3, 2025); *Orellana v. Moniz*, 25-cv-12664, 2025 WL 2809996, at *5 (D. Mass. Oct. 3, 2025); *Elias Escobar v. Hyde*, No. 25-cv-12620, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025); *Belsai D.S. v. Bondi*, No. 25-cv-3682, 2025 WL 2802947, at *5–6 (D. Minn. Oct. 1, 2025); *Silva v. United States Immigr. & Customs*

*Enf't*, No. 25-cv-284, 2025 U.S. Dist. LEXIS 191101, at *6–7 (D.N.H. Sep. 29, 2025);

*Barrios v. Shepley*, No. 25-cv-00406, 2025 WL 2772579, at *10 (D. Me. Sep. 29, 2025);

*Lepe v. Andrews*, No. 25-cv-01163, 2025 WL 2716910, at *4 (E.D. Cal. Sep. 23, 2025);

*Chogllo Chafla v. Scott*, Nos. 25-cv-00437, 25-cv-00438, 25-cv-00439, 2025 WL

2688541, at *6–9 (D. Me. Sep. 22, 2025); *Barrera v Tindall*, No. 25-cv-541, 2025 WL

2690565, at *5 (W.D. Ky. Sep. 19, 2025); *Pablo Sequen v. Kaiser*, No. 25-cv-06487, 2025

WL 2650637, at *6–8 (N.D. Cal. Sep. 16, 2025); *Salcedo Aceros v. Kaiser*, No. 25-cv-

06924, 2025 WL 2637503, at *8–12 (N.D. Cal. Sep. 12, 2025); *Lopez Santos v. Noem*,

No. 3:25-cv-01193, 2025 WL 2642278, at *3–5 (W.D. La. Sep. 11, 2025); *Jimenez v. FCI

Berlin*, No. 25-cv-326, 2025 WL 2639390, at *5–10 (D.N.H. Sep. 8, 2025); *Doe v. Moniz*,

25-cv-12094, 2025 WL 2576819, at *5 (D. Mass. Sep. 5, 2025); *Garcia v. Noem*, No. 25-

cv-01180, 2025 WL 2549431, at *5–7 (S.D. Cal. Sep. 3, 2025); *Francisco v. Bondi*, No.

25-cv-03219, 2025 WL 2629839, at *2–4 (D. Minn. Aug. 29, 2025); *Lopez-Campos v.

Raycraft*, No. 25-cv-12486, 2025 WL 2496379, at *5–8 (E.D. Mich. Aug. 29, 2025); *Diaz

v. Mattivelo*, No. 25-cv-12226, 2025 WL 2457610, at *3 (D. Mass. Aug. 27, 2025); *Kostak

v. Trump*, No. 25-1093, 2025 WL 2472136, at *2–3 (W.D. La. Aug. 27, 2025); *Benitez v.

Noem*, No. 25-cv-02190, 2025 U.S. Dist. LEXIS 171945, at *8–12 (C.D. Cal. Aug. 25,

2025); *Romero v. Hyde*, No. 25-11631, 2025 WL 2403827, at *11–13 (D. Mass. Aug. 19,

2025); *Maldonado v. Olson*, No. 25-cv-3142, 2025 WL 2374411, at *11–12 (D. Minn. Aug.

15, 2025); *dos Santos v. Noem*, 25-cv-12052, 2025 WL 2370988, at *6–8 (D. Mass. Aug.

14, 2025); *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *4–9 (S.D.N.Y.

Aug. 13, 2025); *Rosado v. Figueroa*, No. 25-12157, 2025 WL 2337099, at *6–11 (D. Ariz.

Aug. 11, 2025) *report and recommendation adopted by*, 2025 WL 2349133 (Aug. 13,

2025); *Bautista v. Santacruz*, No. 25-cv-01873, 2025 U.S. Dist. LEXIS 171364, at *13–16 (C.D. Cal. July 28, 2025); *Martinez v. Hyde*, No. 25-11613, 2025 WL 2084238, at *5–9 (D. Mass. July 24, 2025); *Gomes*, 2025 WL 1869299, at *5–8; *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1256–61 (W.D. Wash. 2025).

The United States Court of Appeals for the Second Circuit has likewise aligned itself with this overwhelming consensus "of over 370 district judges across the Nation" who have rejected the Government's interpretation. *Cunha v. Freden,* No. 25-3141, at *10 (2d Cir. Apr. 28, 2026). As that court explained, "[t]his result is dictated by the plain text of [§ 1225 and § 1226], and further confirmed by the statute's context, structure, history, and purpose." *Id.* at 6. "It likewise comports with the Supreme Court's established understanding" and "reflects Executive Branch practice over thirty years and across five Presidential administrations." *Id.*[7]

This Court has reached the same conclusion in prior cases and finds no reason to depart from these decisions here. *See, e.g., Machado v. Ripa,* No. 26-22641, 2026 U.S. Dist. LEXIS 86296, at *6 (S.D. Fla. Apr. 20, 2026); *Chamsadine v. Ass't Field Dir. Warden*, No. 26-21487, 2026 WL 746400, at *6 (S.D. Fla. Mar. 17, 2026); *Garcia v. Noem*, No. 25-25296, 2025 U.S. Dist. LEXIS 278118, at *6 (S.D. Fla. Feb. 20, 2026); *Sajbin-Tzarax v. Mia. Field Off. Dir.*, No. 25-26020, 2026 U.S. Dist. LEXIS 5303, at *7 (S.D. Fla. Jan. 12, 2026); *Bernal v. Morris,* No. 25-25159, 2025 U.S. Dist. LEXIS 268793, at *6 (S.D. Fla.

---

[7] The Court recognizes that a circuit split exists. However, in the absence of an authoritative decision from the Eleventh Circuit Court of Appeals, the Court declines to adopt the Fifth Circuit's holding in *Victor Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), or the Eighth Circuit's holding in *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. 2026).

Nov. 19, 2025); *Alvarez v. Morris*, No. 25-24806, 2026 U.S. Dist. LEXIS 271658, at *6 (S.D. Fla. Oct. 27, 2025).

Because Petitioner is detained under § 1226, she is entitled to an individualized bond hearing before an immigration judge.[8]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1.  The Petition for Writ of Habeas Corpus (DE 1) is **GRANTED IN PART**.

2.  Respondents shall afford Petitioner an individualized bond hearing consistent with 8 U.S.C. § 1226(a) on or before **May 4, 2026**, or otherwise release Petitioner.

3.  Respondents shall file a notice with the Court on or before **May 6, 2026**, confirming and detailing their compliance with this Order.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 28th day of April, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[8] Petitioner also contends that she is entitled to release under 8 U.S.C. § 1254(a) and the Fifth Amendment based on her grant of TPS. Because the Court grants the § 2241 Petition on other grounds, it need not reach these arguments, particularly given that the scope and effect of TPS protections remain the subject of ongoing litigation. *See e.g., Quintero-Rangel v. Mullin*, No. 26-cv-00994, 2026 WL 1026839, at *1–2 (M.D. Fla. Apr. 16, 2026) (granting bond hearing under § 1226 for Venezuelan TPS holder); *Maldonado-Francisconi v. Raycraft*, No. 26-cv-1029, 2026 WL 1009747, at *2 n.3 (W.D. Mich. Apr. 14, 2026) (granting bond hearing and declining to reach petitioner's TPS argument as "[t]hose appeals have not yet been exhausted."); *Pirela-Altamar v. Raycraft*, No. 26-cv-388, 2026 WL 8230371, at *3 (W.D. Mich. Mar. 25, 2026) ("At this time, based on the procedural history of *National TPS Alliance v. Noem*, this non-binding case does not affect the Court's analysis in this habeas action.").